**Thomas E Littler, Esq**
Attorney at Law

341 W Secretariat Drive
Tempe, Arizona 85284
Telephone (480) 248-9010
Arizona Bar No. 006917
E-mail: telittler@gmail.com

*Attorney for Plaintiff Wilkinson Floor Covering, Inc*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **IN RE WILKINSON FLOOR COVERING, INC.**<br><br>**Debtor in Possession.**<br><hr>**WILKINSON FLOOR COVERING, INC.,**<br><br>Plaintiff,<br><br>vs.<br><br>**ACE FUNDING SOURCE**<br><br>**Defendant** | Adversary No. 2:19-ap-_____<br><br>Admin. Case Number: 2:17-bk-01228-EPB<br><br>Chapter 11 Proceedings<br><br>**COMPLAINT** |

Debtor in Possession Wilkinson Floor Covering, Inc., for its Complaint against Ace Funding Source, hereby alleges the following:

1. Plaintiff is the Debtor in Possession in this Chapter 11 case. Plaintiff is domiciled in the District of Arizona.

2. Defendant is a company that is domiciled in New York, but conducts business in the District of Arizona with persons domiciled within that District. The transaction out of which this case arises was completed in the District of Arizona.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b); 157(b), 11 U.S.C. §§ 547. This action is a core proceeding pursuant to 28 U.S.C. 157.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a). This Court has subject matter jurisdiction over this action and has personal jurisdiction over the parties to this action. Defendant has also submitted itself to the specific jurisdiction of this Court by filing a proof of claim in this matter.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff, as Debtor in Possession, is permitted to commence this adversary proceeding on behalf of the Plaintiff Estate pursuant to Federal Rules of Bankruptcy Procedure, Rule 6009.

7. Defendant obtained a judgment against the Debtor on October 26, 2016 in the Supreme Court of the State of New York, County of Erie.

8. A Notice of Filing Foreign Judgment was filed in the Arizona Superior Court in and for the County of Maricopa on or about December 5, 2016.

9. On January 3, 2017, Defendant filed a UCC-1 with the Arizona Secretary of State.

10. Defendant recorded a notice of Filing Foreign Judgment with the Maricopa County Recorder's Office on January 10, 2017 at recording number 20170019231 (the "Notice"). On information and belief, Defendant did not record a copy of the judgment. The recording of the Notice was a "transfer" as defined by the Bankruptcy Code at 11 U.S.C. § 101(54) as it creates a lien on the Debtor's real estate. The filing of the UCC-1 was a transfer as defined by the Bankruptcy Code at 11 U.S.C. § 101(54) as it creates a lien on the Debtor's assets.

11. This chapter 11 case was commenced by a voluntary filing on February 9, 2017.

12. The recording of the UCC-1 was a "preference" as that term is defined in 11 U.S.C § 547 as it was made within ninety (90) days before the filing of the voluntary petition commencing this chapter 11. The UCC, if enforceable, is avoidable because: 1. It was to a creditor; 2. On account of an antecedent debt; 3. Made while the Debtor was insolvent; 4. Made within the ninety days prior to the filing of the petition, and 5. Enables the Defendant to receive more than the Defendant would receive if the case were one under a chapter 7 and if the transfer had not been made.

2

13. The recording of the Notice was a "preference" as that term is defined in 11 U.S.C § 547 as it was made within ninety (90) days before the filing of the voluntary petition commencing this chapter 11. The judgment and Notice, if enforceable, is avoidable because: 1. It was to a creditor; 2. On account of an antecedent debt; 3. Made while the Debtor was insolvent; 4. Made within the ninety days prior to the filing of the petition, and 5. Enables the Defendant to receive more than the Defendant would receive if the case were one under a chapter 7 and if the transfer had not been made.

14. The avoidance of the transfers is preserved for the benefit of the Debtor's Estate pursuant to 11 U.S.C. §§ 550 and 551 and A.R.S. §§ 11-1001 et seq .

WHEREFORE, the Debtor requests that the Court enter judgment in its favor against Ace Funding Source as follows:

A. That said transfers be set aside and avoided and of no force and effect against the Debtor and its Estate;

B. For an award of Plaintiff's costs;

C. For Plaintiff's attorney's fees incurred herein and if by default, an award of $2,500 for attorney's fees;

D. For such other and further relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 7th day of February, 2019.

|  | **THOMAS E. LITTLER, ESQ.**<br>By: */s/ Thomas E. Littler*<br>Thomas E. Littler<br>341 W Secretariat Drive<br>Tempe, Arizona 85284<br>***Attorney for Debtor*** |
|---|---|

3